TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff and the proposed ADEA collective*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

─────────────────────────────────────x

SU PING YU
    a/k/a Amy Yu,
*on her own behalf and on behalf of others similarly situated*

                        Plaintiff,

         v.

SHANGHAI DUMPLING INC
    d/b/a Shanghai Dumpling;
SHANGHAI SOUP DUMPLING INC
    d/b/a Shanghai Dumpling; and
SHANGHAI CAFÉ DELUXE, INC.
    d/b/a Shanghai Café Deluxe;
YILI WENG
    a/k/a Eileen Weng,
PING LIN, and
XINSHENG GU a/k/a John Gu

                        Defendants.

**Case No: 19-cv-07601**

**COMPLAINT**

─────────────────────────────────────x

Plaintiff SU PING YU a/k/a Amy Yu (hereafter referred to as "Plaintiff"), on behalf of herself and others similarly situated, by and through her attorney, Troy Law, PLLC, hereby brings this complaint against Defendants SHANGHAI DUMPLING INC d/b/a Shanghai Dumpling; SHANGHAI SOUP DUMPLING INC d/b/a Shanghai Dumpling; and SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café Deluxe; YILI WENG a/k/a Eileen Weng, PING LIN, and XINSHENG GU, and alleges as follows:

**INTRODUCTION**

1. This action is brought to remedy claims of employment discrimination on the basis of age, pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Plaintiff brings this action under the ADEA on behalf of herself and all similarly situated current and former employees of Defendants who are over the age of forty and who elect to opt into this action pursuant to the enforcement provision of the ADEA, 29 U.S.C. § 626(b).

2. Plaintiff brings an individual claim of age discrimination in employment pursuant to New York State Human Rights Law (NYSHRL) NY Exec. § 290 *et seq.* and New York City Human Rights Law (NYCHRL) NYC Admin. § 8-101 *et seq.*

3. Plaintiff seeks injunctive and declaratory relief, compensatory and liquidated damages, and other appropriate legal and equitable relief.

## JURISDICTION AND VENUE

4. Plaintiff filed a timely charge of discrimination with the Equal Opportunity Employment Commission ("EEOC") on or about June 13, 2019 (EEOC Charge No. 520-2019-04182).

5. The EEOC issued a Notice of Right to Sue for Plaintiff on July 19, 2019.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). In addition, the Court has jurisdiction over Plaintiff's federal claims under the ADEA pursuant to 29 U.S.C. § 626(b).

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because a substantial portion of the events giving rise to Plaintiffs' claims occurred in the district and the Defendant regularly does business within the district.

## PLAINTIFF

8. Plaintiff SU PING YU a/k/a Amy Yu is a 55-year-old woman who worked for Defendant

SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café Deluxe at 100 Mott Street, New York, NY 10013 as a waitress until she was terminated on March 27, 2018.

9. SU PING YU a/k/a Amy Yu was a successful waitress, who excelled at her job at SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café Deluxe for over twelve (12) years.

10. At all relevant times, Plaintiff was an employee within the meaning of the ADEA, the NYSHRL, and the NYCHRL.

## DEFENDANTS

*Corporate Defendant*

11. Defendant SHANGHAI DUMPLING INC d/b/a Shanghai Dumpling is a domestic business corporation organized under the laws of the State of New York with a principal address at 100 Mott Street, New York, NY 10013.

12. Defendant SHANGHAI SOUP DUMPLING INC d/b/a Shanghai Dumpling is a domestic business corporation organized under the laws of the State of New York with a principal address at 100 Mott Street, New York, NY 10013.

13. Defendant SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café Deluxe is a domestic business corporation organized under the laws of the State of New York with a principal address at 100 Mott Street, New York, NY 10013.

14. At all relevant times, Corporate Defendants SHANGHAI SOUP DUMPLING INC d/b/a Shanghai Dumpling; and SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café Deluxe employed twenty (20) or more employees.

15. SHANGHAI SOUP DUMPLING INC d/b/a Shanghai Dumpling; and SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café Deluxe have been, at all relevant times, an employer within the meaning of the ADEA, the NYSHRL, and the NYCHRL.

*Owner/ Operator Defendants*

16. The Individual Defendants are officers, directors, managers, majority shareholders and/or owners of the Defendant SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café who actually or apparently exercised supervisory authority over Plaintiff; and who actually participated in the conduct giving rise to a discrimination claim or aided, abetted, incited, compelled or coerced the doing of any of said conduct.

17. YILI WENG a/k/a Eileen Weng known as "Lady Boss" to Plaintiff and shareholder of SHANGHAI SOUP DUMPLING INC d/b/a Shanghai Dumpling; and SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café Deluxe, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SHANGHAI SOUP DUMPLING INC d/b/a Shanghai Dumpling; and SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café Deluxe.

18. As the acting cashier, YILI WENG a/k/a Eileen Weng oversaw and controlled the day-to-day operations of the restaurant, overseeing employees in the "front of the house" as well as the "back of the house".

19. YILI WENG a/k/a Eileen Weng paid Café Deluxe employees each workweek at all relevant times.

20. YILI WENG a/k/a Eileen Weng acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with SHANGHAI SOUP DUMPLING INC d/b/a Shanghai Dumpling; and SHANGHAI

CAFÉ DELUXE, INC. d/b/a Shanghai Café Deluxe.

21. PING LIN known as "Lady Boss' Mother" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SHANGHAI SOUP DUMPLING INC d/b/a Shanghai Dumpling; and SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café Deluxe.

22. Owner/ Operator Defendant PING LIN is in charge of all areas of the SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café, including the hiring and termination of workers, determining the rates of pay, work schedule (including work hours and work days), type of work assigned, designated work load and employment policy at, assigning employees to side jobs.

23. For instance, she hired all the Spanish-speaking employees—known as "amigos", meaning "friends" in Spanish—at the restaurant; had the power to order the waiters to serve the customers; to order the Spanish-speaking employees to leave when the IRS investigators came to the restaurant; and to require that the steamed bun chef lady to pretend that she was PING LIN when employees from the Internal Revenue Service (IRS) visited the restaurant

24. PING LIN acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with SHANGHAI SOUP DUMPLING INC d/b/a Shanghai Dumpling; and SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café Deluxe.

25. XINSHENG GU known as "Boss" to Plaintiff and shareholder of SHANGHAI SOUP

DUMPLING INC d/b/a Shanghai Dumpling; and SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café Deluxe, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SHANGHAI SOUP DUMPLING INC d/b/a Shanghai Dumpling; and SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café Deluxe.

26. Owner/ Operator Defendant XINSHENG GU is in charge primarily in the hiring and firing of the "back of the house", including chefs, determining the rates of pay, work schedule (including work hours and work days), type of work assigned, designated work load and employment policy at, assigning employees to side jobs.

27. XINSHENG GU acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with SHANGHAI SOUP DUMPLING INC d/b/a Shanghai Dumpling; and SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café Deluxe.

## STATEMENT OF FACTS

*Corporate Defendants SHANGHAI DUMPLING INC d/b/a Shanghai Dumpling; SHANGHAI SOUP DUMPLING INC d/b/a Shanghai Dumpling; and SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café Deluxe are Liable as Successor Employers under the ADEA*

28. Successor Corporate Defendants SHANGHAI SOUP DUMPLING INC d/b/a Shanghai Dumpling and SHANGHAI DUMPLING INC d/b/a Shanghai Dumpling had full notice of the pending ADEA action before the Southern District of New York as well as Plaintiff SU PING YU a/k/a Amy Yu's opposition to Defendants' discriminatory practices against older employees.

29. There is a substantial continuity of business operations because Corporate Defendant SHANGHAI CAFÉ DELUXE, INC. and its successors SHANGHAI DUMPLING INC d/b/a Shanghai Dumpling; SHANGHAI SOUP DUMPLING INC d/b/a Shanghai Dumpling; and SHANGHAI CAFÉ DELUXE, INC. d/b/a Shanghai Café Deluxe all did business as a Chinese restaurant Shanghai style Chinese cuisine

    a. using the same facility at 100 Mott Street, New York, NY 10013;
    b. had the same shareholders (including Individual Owner Defendant YILI WENG a/k/a Eileen Weng and XINSHENG GU), are operated/ managed by the same Individual Owner Defendants YILI WENG a/k/a Eileen Weng; PING LIN; and XINSHENG GU and
    c. employ substantially the same waiters, deliverymen, and kitchen staff with substantially the same work shifts and pay conditions.

*Discrimination Claims*

30. Defendants have a common policy for terminating older employers and replacing them with younger employees.
31. Plaintiff SU PING YU a/k/a Amy Yu worked for Defendant SHANGHAI CAFÉ DELUXE, INC., d/b/a Shanghai Café for thirteen (13) years, from 2006 to March 27, 2018 as a waitress.
32. Plaintiff SU PING YU a/k/a Amy Yu excelled at her job, and she was the only employee who had such a long tenure at Café Deluxe.
33. Beginning in the second half of 2015, Defendant YILI WENG forbade Plaintiff and fellow employee CINDY CHEN (born 1962) from packing wanton (a kind of side work) and restricted Plaintiff and CHEN to waiting tables, a task for which they would earn tips for the

tip pool.

34. All waiters take turns packing wanton, and this is a desired role because while packing wantons, the waiter (during weekday) and waiters (during weekend) on duty gets to sit down as opposed to standing all day.

35. Each day, the waiter on duty would take between a half (1/2) hour to one and one half (1 ½) hour to pack the wanton.

36. In January 2016, YILI WENG began paying Plaintiff and CINDY CHEN only in cash in order to avoid investigation by the IRS. Previously, Plaintiff and CHEN had been compensated by a combination of cash and check. Other employees who wanted to file tax returns at the end of the year were still paid by check.

37. In March 2016, on a Saturday Morning, Plaintiff SU PING YU a/k/a Amy Yu personally heard the following conversation between Owner/ Operator XINSHENG GU a/k/a John Gu and Soup Dumpling ("xiaolongtangbao") Chef nicknamed "Xiao Lin" ("Little Lin") laughing while sitting at Table A-5.

38. At that time, XINSHENG GU a/k/a John Gu said to Plaintiff SU PING YU a/k/a Amy Yu, pointing at the new young waitresses in their 20's who were replacements for CINDY CHEN.

39. At that time, Plaintiff SU PING YU a/k/a Amy Yu looked at the two new waitresses.

40. When Plaintiff SU PING YU said to both XINSHENG GU a/k/a John Gu and "Xiao Lin" that CINDY CHEN told Plaintiff SU PING YU that she was returning to work next week after her return from China, "then we don't have extra workers."

41. "Xiao Lin" replied that "We do not keep [CHEN] anymore."

42. When Plaintiff SU PING YU asked, "Why is that," XINSHENG GU responded "Now we

continue to employ young employees only, not the old ones anymore."

43. On January 3, 2018, Plaintiff SU PING YU provided an Affidavit in Support of the Age Discrimination claims for her coworker, CINDY CHEN.

44. SU PING YU a/k/a Amy Yu therefore engaged in protected conduct under ADEA 29 U.S.C. §623(d).

45. On or about 1:00 PM on March 27, 2018, Defendant's location had a gas leak.

46. Due to the gas leak, Owner/ Operator Defendant YILI WENG a/k/a Eileen Weng told SU PING YU a/k/a Amy Yu that when the gas leak is fixed, she will call her back to work.

47. On or about December 22, 2018, when Defendant's location reopened for business, the entire workforce—**with the sole exception of Plaintiff SU PING YU a/k/a Amy Yu who was then 54 years old and her coworker XINGFEN ZHOU (born 1964) who was then 58 years old**—was recalled.

48. In February 2019, Plaintiff SU PING YU went back to the store to pick up her last check, and WENG did not speak a word to her before having her leave the restaurant.

49. At the reopening of the restaurant, a new individual was hired to take over Plaintiff SU PING YU a/k/a Amy Yu's old position.

## COLLECTIVE ACTION ALLEGATIONS

50. Plaintiff brings this action individually and on behalf of all other and former non-exempt waitstaff and kitchen staff over the age of forty (40) who have been or were employed by the Defendants and who were terminated or had their terms and conditions of employment adversely altered because of their age on or after January 26, 2016.

51. Defendants are liable under the ADEA for, *inter alia*, adversely altering Plaintiff's terms and conditions of employment, and terminating Plaintiff, because of her age. Upon

information and belief, these actions were taken as part of a common policy or plan within Defendant SHANGHAI CAFÉ DELUXE d/b/a Shanghai Café that violated the ADEA. Therefore, notice should be sent to the ADEA collective. There are numerous similarly situated current and former employees of Defendant working in either the restaurant floor or kitchen who have been discriminated against because of their age and would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join.

## STATEMENT OF CLAIMS

### COUNT I.
**[Age Discrimination in Violation of the Age Discrimination in Employment Act Brought on behalf of the Plaintiff and the Collective against Corporate Defendant]**

52. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

53. Defendant corporation has engaged in a widespread pattern and practice of violating the ADEA, as detailed in this Complaint, including, *inter alia*, discriminating against Plaintiff and Collective members by terminating them on the basis of their age and changing Plaintiff's and the Collective Members' terms and conditions of employment on the basis of their age.

54. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), as incorporated into 29 U.S.C. § 626(b). Plaintiff's written consent is incorporated by reference.

55. At all times relevant to this action, Plaintiff and the Collective members were employed by Defendants within the meaning of the ADEA, 29 U.S.C. § 630(f).

56. Defendant corporation acted knowingly and willfully in violation of the ADEA.

### COUNT II.
**[Retaliation in Violation of the Age Discrimination in Employment Act Brought on behalf of the Plaintiff and the Collective against Corporate Defendant[**

57. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set

forth herein.

58. The foregoing actions on the part of Defendants, its officers, agents, and employees, including but not limited to the actions of YILI WEN a/k/a Eileen Wen; XINSHENG GU and PING LIN were willfully undertaken, *inter alia*, in retaliation for Plaintiff having made an Affidavit in opposition to Defendants' unlawful discriminatory conduct in violation of the Age Discrimination of Employment Act, 29 U.S.C. §623(d).

59. By reason of the foregoing retaliation for having made an Affidavit in Support of a coworker's claim of age discrimination under the ADEA, Plaintiff was constructively discharged.

60. By reason of the foregoing, Plaintiff has sustained loss of income, pain, suffering, humiliation and mental anguish.

61. By reason of the foregoing, Plaintiff has been damaged in a sum to be determined by trial pursuant to 29 U.S.C. et seq.

**COUNT III.**
**[Age Discrimination in Violation of the New York State Human Rights Law**
**Brought on behalf of Plaintiff against Corporate Defendant]**

62. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

63. Defendant violated the NYSHRL by terminating Plaintiff on the basis of her age and altering Plaintiff's terms and conditions of employment to be less favorable to Plaintiff because of her age.

64. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the NYSHRL, § 292(6).

65. Defendant acted knowingly and willfully in violation of the NYSHRL.

## COUNT IV.
### [Retaliation in Violation of the New York State Human Rights Law Brought on behalf of Plaintiff against Corporate Defendant]

66. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

67. The foregoing actions on the part of Defendants, its officers, agents, and employees, including but not limited to the actions of YILI WEN a/k/a Eileen Wen; XINSHENG GU and PING LIN were willfully undertaken, *inter alia*, in retaliation for Plaintiff having made an Affidavit in opposition to Defendants' unlawful discriminatory conduct in violation of the New York State Executive Law (Human Rights Law), §296(1)e.

68. By reason of the foregoing retaliation for having made an Affidavit in Support of a coworker's claim of age discrimination, Plaintiff was constructively discharged.

69. By reason of the foregoing, Plaintiff has been damaged in a sum to be determined by trial pursuant to New York State Executive Law (Human Rights Law), §296(1)e *et seq.*

## COUNT V.
### [Age Discrimination in Violation of the New York City Human Rights Law Brought on behalf of Plaintiff against Corporate Defendant]

70. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71. Defendant violated the NYCHRL by terminating Plaintiff on the basis of her age and altering Plaintiff's terms and conditions of employment to be less favorable to Plaintiff because of her age.

72. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the NYCHRL, § 8-101.

73. Defendants acted knowingly and willfully in violation of the NYCHRL.

## COUNT VI.
### [Age Discrimination in Violation of the New York State Human Rights Law Brought on behalf of Plaintiff against Individual Defendants]

74. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75. Defendants violated the NYSHRL by terminating Plaintiff on the basis of her age, altering Plaintiff's terms and conditions of employment to be less favorable to Plaintiff because of her age, and aiding, abetting, inciting, compelling, or coercing the unlawful discriminatory conduct of Corporate Defendant and other Individual Defendants in violation of NYSHRL § 296(6).

76. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the NYSHRL, § 292(6) and subject to Individual Defendants' actual and apparent supervisory authority, which Individual Defendants deployed in to further their discrimination.

77. Defendants acted knowingly and willfully in violation of the NYSHRL.

## COUNT VII.
### [Age Discrimination in Violation of the New York City Human Rights Law Brought on behalf of Plaintiff against Individual Defendants]

78. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

79. Defendants violated the NYCHRL by terminating Plaintiff on the basis of her age, altering Plaintiff's terms and conditions of employment to be less favorable to Plaintiff because of her age, and aiding, abetting, inciting, compelling, or coercing the unlawful discriminatory conduct of Corporate Defendant and other Individual Defendants in violation of § 8-107(6).

80. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the NYCHRL, § 8-101 and subject to Individual Defendants' actual and apparent supervisory authority, which Individual Defendants deployed in to further their discrimination.

81. Defendants acted knowingly and willfully in violation of the NYCHRL.

## COUNT VIII.
### [Retaliation in Violation of the New York City Human Rights Law Brought on behalf of Plaintiff against Individual Defendants]

82. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

83. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

84. The foregoing actions on the part of Defendants, its officers, agents, and employees, including but not limited to the actions of YILI WEN a/k/a Eileen Wen; XINSHENG GU and PING LIN were willfully undertaken, *inter alia*, in retaliation for Plaintiff having made an Affidavit in opposition to Defendants' unlawful discriminatory conduct in violation of N.Y. Admin Code § 8-107, which prohibits retaliation "in any manner," even absent an adverse employment action.

85. By reason of the foregoing retaliation for having made an Affidavit in Support of a coworker's claim of age discrimination under the ADEA, Plaintiff was constructively discharged.

86. By reason of the foregoing, Plaintiff has sustained loss of income, pain, suffering, humiliation and mental anguish.

87. By reason of the foregoing, Plaintiff has been damaged in a sum to be determined by trial pursuant to 29 U.S.C. et seq.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on her own behalf and on the behalf of the Collective Plaintiffs, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees and have reached the age of forty. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were terminated on the basis of their age;

b) Certification of this case as a collective action pursuant to ADEA;

c) Designation of SU PING YU a/k/a Amy Yu as representative of the Collective, and counsel of record as counsel for the Collective;

d) A declaratory judgment that the practices complained of herein are unlawful under ADEA and NYSHRL;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of back pay, front pay, and attorneys' fees to Plaintiff and Collective members who choose to opt in, including but not limited to back pay, front pay, and other benefits they would have received but for Defendants' unlawful conduct;

g) An award of liquidated damages to Plaintiff and Collective members in an amount equal to the compensatory damages, pursuant to the ADEA 29 U.S.C. § 626(b);

h) An award of compensatory damages to Plaintiff for mental anguish, pain and suffering, and humiliation;

i) A judgment against Defendant for compensatory damages for retaliation under the ADEA, with liquidated damages in an amount equal to the compensatory damages awarded;

j) A judgment against Defendant for retaliation under the NYS Human Rights Law, with punitive damages in a sum to be determined at trial;

k) A judgment against Defendant for retaliation under the NYC Human Rights Law, with punitive damages in a sum to be determined at trial;

l) An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

m) An award of prejudgment and post-judgment fees; and

n) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
August 14, 2019

                                          TROY LAW, PLLC
*Attorneys for the Plaintiff and proposed Collective*

                                          /s/ John Troy
John Troy (JT0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com