USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___07/28/2021___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ x

SU PING YU, *on her own behalf and on behalf of*                     :
*others similarly situated*,                                                    :
                                                                                          :
                                                              Plaintiff,          :          **19-CV-7601 (ALC)**
                                                                                          :
                             -against-                                           :          **ORDER**
                                                                                          :
SHANGHAI DUMPLING, INC., ET AL.,                              :
                                                                                          :
                                                              Defendants.      :
                                                                                          :
------------------------------------------------------------------------ x

**ANDREW L. CARTER, JR., District Judge:**

This case has been assigned to the undersigned for all purposes. On January 16, 2020,

Judge Pauley issued a Notice, Consent, and Reference of a Civil Action to a Magistrate Judge,

which was signed by attorneys for Plaintiff and Defendants, as well as Judge Pauley. ECF No.

34. The case was thus assigned to Magistrate Judge Freeman for all purposes. On January 28,

2020, attorney Michael Chong advised the Court that he had mistakenly filed notices of

appearance for Defendants Shanghai Dumpling, Inc. and Shanghai Soup Dumpling (hereinafter,

the "Shanghai Dumpling Defendants"), and requested leave to withdraw his appearance for the

Shanghai Dumpling Defendants. ECF No. 42. Eventually, Judge Freeman granted attorney

Michael Chong's request noting that these "defendants never retained Chong or otherwise

authorized him to appear [in the instant case]." ECF No. 50. She further stated that "if the

Shanghai Dumpling Defendants do appear and manifest a desire to defendant against Yu's

claims . . . then, for this Court to retain jurisdiction over that matter pursuant to 28 U.S.C.

§ 636(c), the Shanghai Dumpling Defendants would have to consent to this Court's jurisdiction."

*Id.* "Although Chong previously represented to the Court that these defendants did so consent,

this Court considers that representation . . . to be nullity." *Id.* (internal citations omitted). On May

1, 2020, Kevin Tung, attorney for Shanghai Dumpling, Inc., filed a consent on behalf of that

Defendant. ECF No. 79. No consent was ever filed for Shanghai Soup Dumpling. *See generally*

ECF.

Accordingly, the Court hereby vacates the reference of this matter to Magistrate Judge

Freeman for all purposes, given that not all parties have consented to her jurisdiction. *See* 28

U.S.C. § 636(c)(4).[1]

The parties are hereby ORDERED to submit a joint status report by no later than August

11, 2021, including the current status of the case and proposed next steps.

**SO ORDERED.**

**Dated:        July 28, 2021**
              **New York, New York**

_Andrew L Carter_

**ANDREW L. CARTER, JR.**
**United States District Judge**

---

[1] This Circuit "has not addressed whether referral to a magistrate judge for all purposes is appropriate where, as here, all parties that have appeared—but not all named parties—have consented to the jurisdiction of a magistrate judge for all purposes." *Ideavillage Prods. Corp. v. Antiker*, No. 20-cv-4681, 2021 WL 1987382, at *1 (S.D.N.Y. May 17, 2021). Other circuits are split on this issue. *Id.* "The law is clear, however, that a magistrate judge cannot enter default judgment against a party absent the defaulting party's consent to the jurisdiction of the magistrate judge to enter final judgment." *Id.* at *2 (citation omitted). Taking these principles into account, and the fact that the party that has failed to consent to Magistrate Judge Freeman's jurisdiction has also defaulted, the Court concludes it is appropriate to vacate the previously filed consent as to the entire case (to the extent not already vacated). Future motions shall be referred to Magistrate Judge Freeman as deemed appropriate by the undersigned.