USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: _5/30/2023_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

YU, *on her own behalf and on behalf of others similarly situated*,

                    **Plaintiff,**

-against-

SHANGHAI DUMPLING, INC. ET AL.,

                    **Defendant.**

**19-cv-07601 (ALC)**

**DEFAULT JUDGMENT**

**ANDREW L. CARTER, United States District Judge:**

      Plaintiff Su Ping Yu ("Plaintiff") brings this age-discrimination action against six defendants: Shanghai Dumpling Inc. ("Shanghai Dumpling"); Shanghai Soup Dumpling Inc. ("Shanghai Soup Dumpling"); Shanghai Café Deluxe, Inc. ("Shanghai Café Deluxe"); Yili Weng; Ping Lin; and Xinsheng Gu (collectively, "Defendants"). Plaintiff, a former employee, claims she was fired based on her age and retaliated against for submitting an affidavit in support of her coworker's age-discrimination claim, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, the New York State Human Rights Law ("NYSHRL") NY Exec. § 290 *et seq.,* and the New York City Human Rights Law ("NYCHRL") NYC Admin. § 8-101 *et seq*.

      Pending before the Court is Plaintiff's motion for default judgment against the Defendants. ECF Nos. 140-144. For the reasons that follow, Plaintiff is **GRANTED** default judgment against Shanghai Café Deluxe, Shanghai Dumpling, and Shanghai Soup Dumpling on her claims for violation of the ADEA, the NYSHRL, and the NYCHRL. Plaintiff is also **GRANTED** default judgment against Weng and Gu for her claims under the NYSHRL and the NYCHRL.

## BACKGROUND

Plaintiff Su Ping Yu[1], a 55-year-old woman[2], was employed by Shanghai Café Deluxe as a waitress from on or about January 2006 to March 28, 2018. *See* Compl., ECF No. 1 ¶ 31; Memo. of law in support of Default Judgment ("Memo"), ECF No. 144 at 14; Aff. of Su Ping Yu ("Yu Aff."), ECF No. 143 ¶ 3.

Defendant Shanghai Café Deluxe is a New York State corporation, with 20 or more employees, located at 100 Mott Street in New York, New York. Compl. ¶¶ 13, 14; Memo. at 1. Defendants Shanghai Soup Dumpling and Shanghai Dumpling are the successors of Shanghai Café Deluxe. Compl. ¶ 29. Throughout the relevant period, the owners and operators of Shanghai Café Deluxe—individual defendants Yili Weng, Ping Lin, and Xinsheng Gu—supervised Plaintiff and had the power to hire and fire employees of the restaurant. *Id*. ¶¶ 16-27; Memo at 9.

Plaintiff's Complaint alleges eight causes of action: (1) an age discrimination claim under the ADEA against the corporate defendants; (2) a retaliation claim under the ADEA against the corporate defendants; (3) an age discrimination claim under the NYSHRL against the corporate defendants; (4) a retaliation claim under the NYSHRL against the corporate defendants; (5) an age discrimination claim under the NYCHRL against the corporate defendants; (6) an age discrimination claim under the NYSHRL against the individual defendants; (7) an age discrimination claim under the NYCHRL against the individual defendants; and (8) a retaliation claim under the NYCHRL against the individual defendants. Compl. ¶¶ 52-87.

---

[1] a/k/a Amy Yu. Compl. ¶ 8.

[2] Plaintiff was 55 years old at the time the Complaint was filed on August 14, 2019. Compl. ¶ 8.

The Court assumes the readers' familiarity with the procedural background of this action up until August 22, 2022, as set forth in the Honorable Judge Valerie Figueredo's Report and Recommendation ("R&R"). *See* ECF No. 132 at 2-6. On September 29, 2022, this Court adopted Judge Figueredo's R&R in whole. ECF No. 133. On October 4, 2022, Judge Figueredo issued an order notifying Shanghai Dumpling, for the final time, that failure to defend this action and/or participate in its proceedings by November 4, 2022 may result in sanctions, including striking of Shanghai Dumpling's Answer and entry of default judgment against it. ECF No. 134. To date, Defendant Shanghai Dumpling has failed to respond. On December 12, 2022, Judge Figueredo ordered Plaintiff to show cause by December 22, 2022 why she should not recommend to this Court that this case be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41. ECF No. 136. Judge Figueredo explained that Plaintiff may show cause by properly submitting a motion for default judgment against all six defendants pursuant to this Court's Individual Rules.

Accordingly, Plaintiff moved for default judgment on December 22, 2022. ECF No. 140. The Clerk of the Court entered certificates of default as to Defendants Shanghai Café Deluxe, Shanghai Soup Dumpling, Gu, Weng, and Lin on September 18, 2020. ECF Nos. 98-101. On December 20, 2022, the Clerk of the Court entered a certificate of default as to Defendant Shanghai Dumpling. ECF No. 139. On February 9, 2023, this Court issued an Order to Show Cause as to why an order pursuant to Fed. R. Civ. P. 55 entering default judgment should not issue. ECF No. 146. Defendants were directed to respond in writing on or before March 13, 2023. Defendants were advised that failure to respond to the Order to Show Cause would be grounds for granting a default judgment in Plaintiff's favor. To date, Defendants have not responded to the Order to Show Cause.

3

## DISCUSSION

As an initial matter, the Court will strike Defendant Shanghai Dumpling's Answer at ECF No. 57. *See* Order, ECF No 134 ("Shanghai Dumpling is hereby notified, for the final time, that failure to defend this action and/or participate in its proceedings . . . by November 4, 2022, may result in sanctions, including striking of Shanghai Dumpling's Answer and entry of default judgment against it."). To date, Shanghai Dumpling has failed to defend this action or participate in these proceedings by the Court-imposed deadline.

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step process for the entry of default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). First, the Clerk of the Court automatically enters a certificate of default after the party seeking a default submits an affidavit showing that the other party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); Local Civil Rule 55.1. Second, after a certificate of default has been entered by the Clerk, the court, on plaintiff's motion, will enter a default judgment against a defendant that has failed to plead or otherwise defend the action brought against it. See Fed. R. Civ. P. 55(b)(2).

By failing to answer the allegations in a complaint, the defaulting defendant admits the plaintiff's allegations. Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). However, a district court "need not agree that the alleged facts constitute a valid cause of action." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)) (internal quotation marks omitted). Rather, the Second Circuit has "suggested that, prior to entering default judgment, a district court is required to

4

determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Mickalis Pawn Shop*, 645 F.3d at 137 (citations and internal quotations omitted.)

As to damages, a district court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citation omitted). This inquiry requires the district court to: (1) "determin[e] the proper rule for calculating damages on . . . [the] claim" and (2) "assess[ ] plaintiff's evidence supporting the damages to be determined under this rule." *Id*. Federal Rule of Civil Procedure 55(b)(2) "allows but does not require" the district court to conduct a hearing on the damages amount. *Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const*., LLC, 779 F.3d 182, 189 (2d Cir. 2015) ("[T]he court may conduct such hearings or order such references as it deems necessary and proper.") (citation and internal quotation marks omitted); *see also Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found, Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). Here, Plaintiff's submissions have not been contested.

In light of Defendants' default, the Court accepts as true the well-pleaded allegations in the Complaint, with the exception of those allegations relating to damages. *See Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs. LLC*, 665 F. Supp. 2d 434, 436 (S.D.N.Y. 2009) ("When the Court enters a default judgment, as regards liability it must accept as true all of the factual allegations of the complaint, but the amount of damages are not deemed true.") (internal citations, alterations, and quotation marks omitted).

### I. Liability under the ADEA, NYSHRL, and NYCHRL

#### A. Plaintiff's age discrimination and retaliation claims under the ADEA

The ADEA makes it unlawful for a covered employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." *See* 29 U.S.C. § 623(a)(1); *McCormack v. IBM*, 145 F. Supp. 3d 258, 265-66 (S.D.N.Y. 2015). An "employer," for purposes of the ADEA, must have "twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year" before the date of the unlawful discrimination. 29 U.S.C. § 630(b); *see Guadagno v. Wallack Adler Levithan Assoc.*, 932 F. Supp. 94, 95 (S.D.N.Y. 1996).

ADEA age discrimination claims are analyzed under the familiar burden-shifting framework that was first articulated by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), in the context of discrimination claims brought under Title VII of the Civil Rights Act of 1964. *See Cappelli v. Jack Resnick & Sons, Inc.*, No. 13-CV-3481 (GHW), 2016 WL 958642, at *7 (S.D.N.Y. Mar. 8, 2016) (citing *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 129 (2d Cir. 2012)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000). First, a plaintiff must establish a *prima facie* case of age discrimination. *Schnabel*, 232 F.3d at 87. "In order to establish a *prima facie* case of age discrimination in violation of the ADEA, plaintiff must show: (1) that she was within the protected age group (more than 40 years old), (2) that she was qualified for her position, (3) that she experienced an adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *DeFreitas v. TheraCare*, No. 15-CV-3627 JG CLP, 2015 WL 4488077, at *2 (E.D.N.Y. July 23, 2015) (citing

6

*Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010)). "An actionable adverse employment action is a 'materially adverse change in the terms and conditions of employment.'" *Williams v. PMA Companies, Inc.*, 564 F. Supp. 3d 32, 45 (N.D.N.Y. 2021) (quoting *Kairam v. West Side GI, LLC*, 793 F. App'x 23, 27 (2d Cir. 2019)). An example of a materially adverse change is termination of employment. *Id.*; *see also Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) ("A materially adverse change might be indicated by a termination of employment . . . .").

If the plaintiff makes this initial showing, then a presumption of unlawful discrimination is created, and the employer must articulate some legitimate, non-discriminatory reason for the challenged employment decision. *Cappelli*, 2016 WL 958642, at *7. If the employer articulates such a reason, then the presumption of discrimination is rebutted, *id.*, and "the [employee's] admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the [employer's] employment decision was more likely than not based in whole or in part on discrimination," *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014) (per curiam) (citing *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003)).

"Retaliation claims under [] the ADEA are also analyzed under the *McDonnell Douglas* burden-shifting test." *Gorzynski*, 596 F.3d at 110. To establish a *prima facie* case of retaliation, Plaintiff "must show (1) that she participated in a protected activity, (2) that she suffered an adverse employment action, and (3) that there was a causal connection between her engaging in the protected activity and the adverse employment action." *Id.* (citing *Kessler v. Westchester County Dep't of Soc. Servs.*, 461 F.3d 199, 205–06 (2d Cir.2006)); *see also Lebowitz v. New York City Dep't of Educ.*, 407 F. Supp. 3d 158, 177 (E.D.N.Y. 2017) ("To establish a prima facie case of retaliation under the

7

ADEA, NYSHRL, and NYCHRL, a Plaintiff must show: (1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action.").

Plaintiff's first cause of action asserts a claim for employment discrimination based on age under the ADEA. Compl. ¶¶ 52-56. To support that claim, the Complaint has the following well-pled allegations, which are accepted as true given the corporate defendants' default. First, the Complaint alleges that Shanghai Café Deluxe has 20 or more employees, as required for application of the ADEA. *Id*. ¶ 14; Memo at 1, 8. Second, Plaintiff alleges she is 55 years old (at the time the Complaint was filed) and worked as a waitress at Shanghai Café Deluxe for approximately 13 years. Compl. ¶¶ 8, 31. Thus, Plaintiff belonged to a protected class and was qualified to work as a waitress. Third, Plaintiff alleges she was terminated in March 2018. Compl. ¶ 8. This termination is sufficient to constitute an adverse employment action.

Finally, Plaintiff alleges that on or about March 12, 2016 Plaintiff overheard Defendants Gu, who supervised employees and had to the power to hire and fire employees, and a chef named Xiao Lin speaking about a co-worker named Cindy Chen. Compl. ¶¶ 37-38. Memo. at 1-2.[3] Plaintiff alleges that Defendant Gu said to Plaintiff that new young waitresses were replacements for Ms. Chen, and he stated, "Now we continue to employ young employees only, not the old ones anymore" in reference to Ms. Chen. Compl. ¶¶ 38-42. On January 3, 2018, Plaintiff provided an affidavit in support of the age discrimination for her co-worker Cindy Chen describing this conversation. *Id*. ¶ 43; Memo at 2. On March 27, 2018, Defendant's location had a gas leak and had to stop operating

---

[3] In Plaintiff's memorandum in support of the default judgment, Plaintiff alleges that this conversation occurred between Defendants Gu and Lin. Memo. at 1-2. However, it appears that Xiao Lin and Ping Lin are not the same person. The Court will rely solely on the allegations in the Plaintiff's Complaint.

8

while the gas line was repaired. Compl. ¶¶ 45-46; Memo at 3. Weng told Plaintiff once the gas leak is fixed, she will call her back to work. Compl. ¶ 46. Memo. at 3. On or about December 22, 2018, when Defendant's location reopened for business, the entire workforce—with the exception of Plaintiff and her coworker Xingfen Zhou (born 1964) who was then 58 years old—was recalled. *Id*. ¶ 47. Plaintiff alleges that in February 2019, Plaintiff went back to the Shanghai Café Deluxe to pick up her last check, and at the reopening of the restaurant, a new younger individual was hired to take over Plaintiff's old position. Compl. ¶¶ 48-49; Memo at 3.

The statement made by Defendant Gu as to Plaintiff's co-worker sets out a discriminatory reason for Plaintiff's termination. *See Chen v. Shanghai Cafe Deluxe, Inc.*, No. 17-CV-2536 (VF), 2023 WL 2625791, at *4 (S.D.N.Y. Mar. 24, 2023). Additionally, the statement was made by an individual at Shanghai Café Deluxe charged with hiring and firing employees. The statement is thus sufficient to establish that Plaintiff's termination occurred under circumstances giving rise to an inference of discrimination. *Id*. Plaintiff's allegations are therefore sufficient to meet the initial burden required for a *prima facie* case of employment discrimination. And, because Defendants have defaulted, they have not put forth a legitimate, non-discriminatory reason for the challenged employment action and therefore have not rebutted the presumption of discrimination. Plaintiff is thus entitled to damages against the corporate defendants for unlawful employment discrimination in violation of the ADEA.

Plaintiff's second cause of action asserts a claim for retaliation under the ADEA. Compl. ¶¶ 57-61. As to the retaliation claim, Plaintiff participated in an age discrimination-related protected activity by giving her affidavit in support of Ms. Chen's discrimination claims in January 2018. Because the Defendants here were sued by Ms. Chen, it is clear the Defendants knew of the protected

activity. Finally, Plaintiff's termination two months later establishes a *prima facie* case of retaliation. *Gorzynski*, 596 F.3d at 110 (quoting *Gorman–Bakos v. Cornell Coop. Extension of Schenectady County*, 252 F.3d 545, 554 (2d Cir. 2001)) ("[A] plaintiff can indirectly establish a causal connection to support a discrimination or retaliation claim by showing that the protected activity was closely followed in time by the adverse employment action."). Again, because Defendants have defaulted, they have not articulated a legitimate, non-discriminatory reason for the challenged employment action. Therefore, the presumption of retaliation is not rebutted and Plaintiff is entitled to damages against the corporate defendants for retaliation in violation of the ADEA.

### B. Plaintiff's age discrimination claims and retaliation claims under the NYSHRL and NYCHRL

Both the NYSHRL and NYCHRL also prohibit discriminatory conduct. See N.Y. Exec. Law § 296.3-a; N.Y. City Admin. Code § 8-107(1)(a); *see also Colon v. Trump Int'l Hotel & Tower*, No. 10-CV-4794 (JGK), 2011 WL 6092299, at *4 (S.D.N.Y. Dec. 7, 2011). Generally, age-discrimination claims brought pursuant to the NYSHRL and the NYCHRL are "subject to the same analysis as claims brought under the ADEA." *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001) (citation omitted); *see also Tongring v. Bronx Cmty. College of the City Univ. of N.Y. Sys.*, No. 12-CV-6854 (ALC)(FM), 2014 WL 463616, at *6 (S.D.N.Y. Feb. 4, 2014) (citations omitted); *Gorzynski*, 596 F.3d at 105 n. 6 ("The law governing ADEA claims has been held to be identical to that governing claims made under the NYHRL.") (citation omitted). Like ADEA retaliation claims, to establish a retaliation claim under the NYSHRL and the NYCHRL, a Plaintiff must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected

activity and the adverse employment action." *Lebowitz*, 407 F. Supp. 3d at 176–77 (E.D.N.Y. 2017) (citation omitted).

Unlike the ADEA, liability under both the NYSHRL and the NYCHRL may extend to individuals, but the test for individual liability differs, as between the state and city law. *Chen*, 2023 WL 2625791, at *4. Under the NYSHRL, individual liability may be imposed if (1) a defendant has an ownership interest in the employer or, alternatively, has the authority to hire or terminate its employees; or (2) if a defendant aided and abetted the unlawful discriminatory acts of others. *See Holt. v. Dynaserv Industries, Inc.*, 14-CV-8299 (LGS), 2016 WL 5108205, at *10 (S.D.N.Y. Sept. 19, 2016) (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995)). Additionally, an individual may only be held liable under the NYSHRL if that individual "actually participated in the conduct giving rise to a discrimination claim." *Figueroa v. RSquared NY, Inc.*, 89 F. Supp. 3d 484, 493 (S.D.N.Y. 2015) (citations, internal quotations marks, and alterations omitted). The NYCHRL, on the other hand, provides for individual liability "regardless of ownership or decision-making power," if the individual defendant actually participated in the conduct giving rise to the claim. *Malena v. Victoria's Secret Direct, LLC*, 886 F. Supp. 2d 349, 366 (S.D.N.Y. 2012) (citations and quotation marks omitted).

Because the Court has already found the corporate defendants liable under the ADEA, they are also liable under the NYSHRL and NYCHRL. Compl. ¶¶ 62-73 (Counts III-V). As to individual liability, Plaintiff asserts claims of age discrimination under the NYSHRL and NYCHRL against the individual defendants (Weng, Gu, and Lin), *id*. ¶¶ 74-81 (Counts VI-VII) and a retaliation claim under the NYCHRL against the individual defendants. *Id*. ¶¶ 82-87 (Count VIII). The Complaint alleges that Gu told Plaintiff that "Now we continue to employ young employees only, not the old

ones anymore" in reference to Plaintiff's co-worker who was terminated. Compl. ¶¶ 38-42. The Complaint alleges that Defendant Weng terminated Plaintiff's employment two months after Plaintiff participated in an age discrimination-related protected activity by giving her affidavit in support of Ms. Chen's discrimination claims in January 2018. Compl. ¶¶ 43-49.[4] The Complaint also alleges that Gu and Weng had an ownership interest in the restaurant and had the power to hire and fire employees, supervise their work, and control employee work schedules. Compl. ¶¶ 17-20; 25-27. These allegations are credited, due to Gu's and Weng's default, and establish Gu's liability for age discrimination in violation of the NYSHRL and NYCHRL and Weng's liability for retaliation under the NYCHRL. The Complaint does not on its face allege that Defendant Lin actively participated in discriminatory conduct.[5]

## CONCLUSION

Accordingly, having considered the Memorandum of Law and Affidavit of John Troy in support of the motion for default judgment, the Summons and Complaint previously filed in this action, and the affidavits of service thereof, it is hereby **ORDERED** that judgment be entered in Plaintiff's favor against the corporate defendants and Defendants Gu and Weng in accordance with the Court's determination as to liability.[6]

As to damages, Plaintiff submitted a Memorandum of Law and Declaration in support of their motion for default judgment. ECF Nos. 141, 144. Plaintiff seeks (1) an award of $630,020.93

---

[4] The Complaint alleges that beginning in the second half of 2015 Weng forbade Plaintiff and fellow employee Cindy Chen from packing wanton, "a kind of side work." Compl. ¶ 33. The Plaintiff alleges that this is a "desired role" because the worker gets to sit down as opposed to standing all day. *Id.* ¶ 34. However, on the face of the complaint, it is unclear how this amounts to discriminatory conduct.

[5] *See, supra,* n.3.

[6] The Court does not find Defendant Lin individually liable.

before interest[7] as well as prejudgment and post-judgment interest, and (2) attorney's fees and costs in the amount of $2,1641.07. Should Defendants wish to contest damages, Defendants are hereby **ORDERED TO SHOW CAUSE** in writing by affidavit and memorandum of law filed with the Court and served upon Plaintiffs on or before **June 16, 2023** as to why an order should not be issued pursuant to Federal Rule of Civil Procedure 55 granting Plaintiffs' requested damages.

**SO ORDERED.**

Dated:   May 30, 2023
         New York, New York

                                            **ANDREW L. CARTER, JR.**
                                            **United States District Judge**

---

[7] $113,004.19, in back pay under either ADEA or NYSHRL or NYCHRL; $452,016.74 in punitive damages under NYSHRL or NYCHRL or, alternatively, $113,004.19 in liquidated damages under ADEA; $65,000.00 in emotional distress damages under NYSHRL or NYCHRL.