USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 11/7/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**SU PING YU,** *on behalf of herself and all others similarly situated*,

                        **Plaintiff,**

-against-

**SHANGHAI DUMPLING, INC. et al.,**

                        **Defendants.**

19-cv-07601 (ALC)

**OPINION AND ORDER**

---

**ANDREW L. CARTER, JR., United States District Judge:**

      Plaintiff Su Ping Yu ("Plaintiff"), filed this age-discrimination suit against Defendants Shanghai Dumpling Inc. et al. ("Defendants") seeking compensatory, liquidated, punitive, and emotional distress damages under the Age Discrimination in Employment ("ADEA"), 29 U.S.C. § 621 *et seq.* the New York State Human Rights Law ("NYSHRL"), NY Exec. § 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), NYC Admin. Code § 8-101 *et seq.*

      After the entry of default judgment, I referred this matter to Magistrate Judge Figueredo for a damages hearing. Magistrate Judge Figueredo issued a Report and Recommendation (the "R&R"), ECF No. 150, recommending that the Court award Plaintiff back pay, liquidated damages, and emotional distress damages in the amount of $266, 282.32, attorney's fees in the amount of $8,626.94, and costs in the amount of $400 with pre-judgment interest applied to Plaintiff's back pay and emotional distress damages awards and post-judgment interest applied generally. Neither party has filed objections to the R&R. For the reasons set forth below, the Court adopts the R&R in its entirety.

**BACKGROUND**

The Court assumes familiarity with the background and procedural history as set forth in the R&R and briefly recounts the relevant facts.

Plaintiff was employed as a waitress at Shanghai Café Deluxe from January 2006 and March 27, 2018. *See* Report at 2. Plaintiff worked for Defendants for 13 years, and she "excelled at her job" throughout her employment. *Id.* In March 2016, Plaintiff overheard Defendant Gu speak about "employ[ing] young employees only, not the old ones anymore" in reference to the dismissal of one of Plaintiff's co-workers, Cindy Chen. *Id.* Chen filed an age-discrimination claim against Defendants following her dismissal to which Plaintiff provided an affidavit in support of Chen's claims. *Id.* at 2-3; *see also Cindy Chen v. Shanghai Café Deluxe, Inc.*, No. 17-CV-2536 (VF), 2023 U.S. Dist. LEXIS 50776 (S.D.N.Y. Mar. 24, 2023).

From March to December 2018, Shanghai Café Deluxe closed following a gas leak. *Id.* at 3. Plaintiff, then a 55-year-old woman, was told that she would be called back to work once the restaurant reopened. *Id.* While Defendants hired several of Plaintiff's co-workers back upon their reopening, Plaintiff and her 58-year-old coworker were not brought back. Instead, a new younger employee was hired to take over Plaintiff's position. *Id.*; *see also* ECF No. 105 at 9.

Plaintiff then filed the instant action raising eight claims: (1) an age-discrimination claim under the ADEA against corporate Defendants; (2) a retaliation claim under the ADEA against the corporate defendants; (3) an age-discrimination claim under the NYSHRL against the corporate defendants; (4) a retaliation claim under the NYSHRL against the corporate defendants; and (5) an age-discrimination claim under the NYCHRL against the corporate defendants; (6) an age-discrimination claim under the NYSHRL against the individual defendants; (7) an age-discrimination claim under the NYCHRL against the individual defendants; and (8) a retaliation

2

claim under the NYCHRL against the individual defendants. *See* ECF No. 1. The Court granted default judgment against Shanghai Café Deluxe, Shanghai Dumpling, and Shanghai Soup Dumpling for Plaintiff's discrimination and retaliation claims under the ADEA, NYSHRL, and NYCHRL. *See* ECF No. 148. The Court also granted default judgment against Defendant Wang on Yu's NYCHRL retaliation claim and against Defendant Gu on Yu's age discrimination and retaliation claims under NYSHRL and NYCHRL. *Id.* The Court did not find Defendant Lin liable. Defendants have not filed any opposition to Yu's damages submissions. *Id.*

Judge Figueredo issued the R&R on October 5, 2023 and stated that the parties had fourteen days from the date of service to file any objections and that failure to do so would result in waiver of those objections for purposes of appeal. Report at 24. Defendant filed no objections to the R&R and has not sought an extension to file an objection.

## STANDARD OF REVIEW

Fed. R. Civ. P. 55(b)(2) "allows but does not require" a hearing on damages awards. Where, as here, Plaintiff's damages submissions are complete and have not been contested, a hearing is not necessary. *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) (stating that a hearing is not required where the court "relied upon detailed affidavits and documentary evidence, supplemented by the . . . Judge's personal knowledge of the record") (quoting *Fustok v. Conticommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (internal quotation marks omitted). Even where a hearing is not necessary, a district court must still "take the necessary steps to establish damages with reasonable certainty." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). This inquiry involves "two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's

evidence supporting the damages to be determined." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155A (2d Cir. 1999).

When reviewing a magistrate judge's report and recommendation, a district judge may "accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files a timely objection, the district court is required to make a *de novo* determination concerning those parts of the report. *Id*. In the absence of objections, however, the Second Circuit has "adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *Graves v. Corr. Med. Serv.*, 667 F. App'x 18, 19 (2d Cir. 2016) (summary order) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)) (internal quotation marks omitted). In reviewing a report and recommendation free from objections, the district court reviews the report for clear error. *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003); *see also Adeniji v. New York State Off. of State Comptroller*, 557 F. Supp. 3d 413, 419 (S.D.N.Y. 2021) (internal quotation marks omitted) ("To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."); *Patterson v. Rock*, No. 09-cv-1038, 2012 WL 3245489, at *1 (S.D.N.Y. Aug. 3, 2012).

**DISCUSSION**

In the Report, Judge Figueredo recommended the Plaintiffs' motion for damages and attorneys' fees be granted. Judge Figueredo relied upon Plaintiff's thorough and unchallenged submissions in support of damages including several affidavits attesting to the circumstances of Plaintiff's employment and termination, a memorandum of law in support of default judgment,

4

and a declaration from Plaintiff's attorney in support of her request for an award of attorneys' fees. ECF Nos 142-143, 147.

Judge Figueredo also thoroughly outlined the relevant analytical framework for awarding back pay and liquidated damages under the ADEA, punitive damages under the NSHRL NYCHRL, emotional distress damages, pre- and post-judgment interest, and attorneys fees. *See* Report at 5-22. Judge Figueredo concluded, following consideration of all relevant factors, that Plaintiff was due back-pay less the amount in earnings Plaintiff received from other employment Plaintiff acquired following termination ($120,641.16), *id.* at 9, liquidated damages equal to Plaintiff's back pay and benefits due to Defendants' willful violation of the ADEA ($120,641.16), *id.* at 10-11, "garden-variety" emotional distress damages ($25,000), *id.* at 12, pre-judgment interest based on the rate set forth in 28 U.S.C. § 1961(a), *id.* at 14, post-judgment interest as a matter of right, *id.* at 15, as well as attorney's fees and costs following close scrutinization of counsel's hours, rates, and cost submissions ($9,026.94). *Id.* at 15-22. Plaintiff's complete damages award totaled $266,282.32. *Id.* at 23.

## CONCLUSION

To date, Defendants have not filed objections to the Report nor sought an extension to object. Where no timely objections are made, the Court may adopt the R&R so long as there is no clear error on the face of the record. *Sacks v. Gandhi Eng'g, Inc.*, 999 F.Supp.2d 629, 632 (S.D.N.Y. 2014) (citing *Wilds v. United Parcel Serv.*, 262 F.Supp.2d 163, 169 (S.D.N.Y.2003)). The Court does not find any clear error. Accordingly, for the reasons stated above, Judge Figueredo's Report and Recommendation is adopted in full as the opinion of the Court. The Clerk of Court is respectfully directed to terminate this case.

**SO ORDERED.**

**Dated:** **November 7, 2023**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**